IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID B. NEWMAN, ) <br> PENNY P. NEWMAN, ) <br> BANK OF AMERICA, N.A., ) <br> JOHN STEINBACH, ) <br> MARY ROUSER, and ) <br> WELLS FARGO BANK, N.A., ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:20-cv-00148 |

**COMPLAINT FOR FEDERAL TAXES AND FORECLOSURE OF LIENS**

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of Treasury, and at the direction of the Attorney General of the United States, brings this action to collect the unpaid federal income taxes, including statutory additions, owed by the Defendant David B. Newman and Defendant Penny P. Newman, and to enforce the corresponding federal tax liens against certain real property located in Charlotte, North Carolina.

**Jurisdiction and Venue**

1.  The Court has jurisdiction over the federal law claims in this action pursuant to 28 U.S.C. §§ 1331, 1340, and 1345 and 26 U.S.C. §§ 7402(a) and 7403. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy as the federal law claims.

1

2. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1391 because one or more defendants reside in Charlotte, North Carolina, and the subject Real Property is located in Charlotte, North Carolina. Charlotte, North Carolina is located in the Western District of North Carolina.

**Parties**

3. The Plaintiff is the United States of America.

4. The Taxpayer Defendant David B. Newman maintains an address at 2240 La Maison Drive, Charlotte, North Carolina 28226, and has or may claim an interest in the Real Property, described in Paragraph 10, below. David B. Newman works as a self-employed tax attorney. He has involved himself in cases in the federal court system on behalf of taxpayers as recently as 2017. *See, e.g.*, *United States v. Konate*, No. 1:17-mc-33, 2017 WL 10665105 (M.D.N.C. Oct. 25, 2017). He holds an LL.M. in taxation from the New York University Graduate School of Law, has been in tax practice for over 45 years, and has lectured in taxation at Harvard Law School and Cornell Law School.

5. The Taxpayer Defendant Penny P. Newman, spouse of David B. Newman, maintains an address at 2240 La Maison Drive, Charlotte, North Carolina 28226, and has or may claim an interest in the Real Property, described in Paragraph 10, below.

6. Defendant Bank of America, N.A., may have or claim an interest in the Real Property, described in Paragraph 10, below.

7. Defendant John Steinbach may have or claim an interest in the Real Property, described in Paragraph 10, below.

8. Defendant Mary Rouser may have or claim an interest in the Real Property, described in Paragraph 10, below.

9. Defendant Wells Fargo Bank, N.A., may have or claim an interest in the Real Property, described in Paragraph 10, below.

10. The Real Property is located at 2240 La Maison Drive, Charlotte, North Carolina 28226; consists of approximately one acre; and is more particularly described as:

> BEING all of Lot 5-A as same is shown on that plat entitled "FINAL RECORD PLAT REVISION COURANCE LOTS 5 AND 6" recorded in Map Book 31 at Page 391 in the Mecklenburg County Public Registry, reference to said plat being hereby made for a more particular description.

11. David Newman and Penny Newman jointly purchased the Real Property on June 29, 1999, for $575,000.

12. The current fair market value of the Real Property is over $1.75 million.

### The Newmans' 2011 and 2012 Tax Liabilities

13. For the tax years 2011 and 2012, David Newman and Penny Newman filed joint federal income tax returns (Forms 1040), reporting a total of $188,465.68 in joint federal income tax liabilities, but failed to pay the full balance due.

14. Pursuing collection of the jointly assessed tax liabilities, the Internal Revenue Service properly recorded notices of federal tax liens for the 2011 and 2012 tax periods against both David Newman and Penny Newman in December 2013.

15. After the notices of federal tax lien were recorded, David Newman and Penny Newman administratively appealed the filing of notices of federal tax lien. The Internal Revenue Service sustained the appeal based on the representations of David Newman and Penny Newman that they would make payments on the liability. Accordingly, the notices of federal tax lien were withdrawn on or before February 7, 2014.

16. However, David Newman and Penny Newman did not make the payments they promised to the Internal Revenue Service. Instead, on March 7, 2014, after the notices of federal

tax lien had been withdrawn, David Newman and Penny Newman transferred the Real Property from their joint ownership to Penny Newman alone. Penny Newman paid no consideration for the transfer.

### David Newman's 2013, 2014, 2015, and 2016 Tax Liabilities

17. After the transfer of the Real Property described in Paragraph 16, in October 2014, David Newman filed a federal income tax return for the 2013 tax year, utilizing the status "married filing separately," on which he reported $75,381.88 in unpaid federal income tax liability.

18. David Newman filed a federal income tax return for the 2014 tax year, utilizing the status "married filing separately," on which he reported $32,255.00 in tax liability.

19. David Newman filed a federal income tax return for the 2015 tax year, utilizing the status "married filing separately," on which he reported $109,165.52 in tax liability.

20. David Newman filed a federal income tax return for the 2016 tax year, utilizing the status "married filing separately," on which he reported $122,570.06 in tax liability.

21. David Newman has made less than $11,000 in voluntary payments for the almost $400,000 in federal income tax liabilities assessed against him for tax years 2013, 2014, 2015, and 2016.

### Transfer of Real Property

22. After the Internal Revenue Service withdrew the notices of federal tax lien, as described in Paragraph 15, and after the transfer of the Real Property to Penny Newman, as described in Paragraph 16, David Newman continued accruing unpaid federal income tax liabilities, as described in Paragraphs 17–21.

23. Despite transferring the Real Property to Penny Newman, David Newman continues to occupy and reside in the Real Property.

24. Despite transferring the Real Property to his wife for no consideration, David Newman pays no rent to Penny Newman to reside in the Real Property.

25. The mortgage on the Real Property is paid by David Newman.

26. The utilities, including electricity and cable television, for the Real Property are paid by David Newman.

27. Despite being the title owner of the property, Penny Newman does not contribute to the payment of the mortgage or the utilities for the Real Property.

28. David Newman has financial control over the Real Property.

29. Accordingly, the Internal Revenue Service filed notices of federal tax lien against Penny Newman, as a nominee of David Newman, for the tax liabilities incurred by David B. Newman for the tax years ending 2013, 2014, 2015, and 2016 on September 7, 2017 and December 6, 2018.

**<u>David Newman and Penny Newman Have Dissipated Their Assets to Avoid Collection</u>**

30. David Newman earns over $25,000 a month in income, while Penny Newman receives over $2,750 per month in Social Security benefits and IRA distributions.

31. While David Newman and Penny Newman collectively earn over $27,750 per month, both David Newman and Penny Newman have refused to use any of this income to pay the over $500,000 in federal income taxes they collectively owe.

32. David Newman earned over $300,000 in 2017, and reported nearly $120,000 in federal income tax, yet David Newman only made quarterly estimated tax payments totaling approximately $12,000.

33. Instead of paying his tax liabilities, David Newman gives his two daughters approximately $50,000 per year.

### Count I: Collect Joint Federal Income Tax Assessments

34. A delegate of the Secretary of Treasury properly and timely made assessments against Defendants David Newman and Penny Newman as follows:

| Assessment Type | Tax Period Ending | Dates of Assessment | Amount of Assessment | Outstanding Balance (as of March 1, 2020) |
|---|---|---|---|---|
| Income Tax (Form 1040) | 12/31/2011 | 05/28/2012 | $128,946.00 | $138,094.06 |
| Income Tax (Form 1040) | 12/31/2012 | 11/25/2013 | $59,519.68 | $9,590.71 |
| **Total Amount of Assessment** | | | $188,465.68 | |
| **Total Balance Outstanding (as of March 1, 2020)** | | | | $147,684.77 |

35. Penalties and interest have accrued according to law on the unpaid balance of assessments set forth in Paragraph 34, and will continue to accrue until paid in full.

36. A delegate of the Secretary of the Treasury properly and timely gave notice of the tax assessments set forth in Paragraph 34 to David Newman and Penny Newman, and made demand upon them for payment of those assessments.

37. Despite notice and demand for payment of the assessments set forth in Paragraph 34, David Newman and Penny Newman have neglected or refused to make full payment of those assessments to the United States.

38. As of March 1, 2020, with respect to the assessments described in Paragraph 34, David Newman and Penny Newman are indebted to the United States in the amount of $147,684.77, plus interest and penalties accruing after that date as provided by law.

## Count II: Collect Individual Federal Income Tax Assessments

39. A delegate of the Secretary of Treasury properly and timely made assessments against Defendant David Newman as follows:

| Assessment Type | Tax Period Ending | Dates of Assessment | Amount of Assessment | Outstanding Balance (as of March 1, 2020) |
|---|---|---|---|---|
| Income Tax (Form 1040) | 12/31/2013 | 02/16/2015 | $75,381.88 | $44,404.32 |
| Income Tax (Form 1040) | 12/31/2014 | 11/30/2015 | $32,255.00 | $40,897.86 |
| Income Tax (Form 1040) | 12/31/2015 | 12/05/2016 | $109,165.52 | $159,639.87 |
| Income Tax (Form 1040) | 12/31/2016 | 12/11/2017 | $122,570.06 | $159,478.78 |
| Total Amount of Assessment | | | $339,372.46 | |
| Total Balance Outstanding (as of March 1, 2020) | | | | $404,420.83 |

40. Penalties and interest have accrued according to law on the unpaid balance of assessments set forth in Paragraph 39, and will continue to accrue until paid in full.

41. A delegate of the Secretary of the Treasury properly and timely gave notice of the tax assessments set forth in Paragraph 39 to David Newman, and made demand upon him for payment of those assessments.

42. Despite notice and demand for payment of the assessments set forth in Paragraph 39, David Newman has neglected or refused to make full payment of those assessments to the United States.

43. As of March 1, 2020, with respect to the assessments described in Paragraph 39, David Newman was indebted to the United States in the amount of $404,420.83, plus interest and penalties accruing after that date as provided by law.

## Count III: Foreclosure of Joint Federal Tax Liens

44. Pursuant to 26 U.S.C. §§ 6321 and 6322, for each assessment described in Paragraph 34, a federal tax lien arose on the date of the assessments and attached to all property and rights to property belonging to Defendants David Newman and Penny Newman, including the Real Property.

45. On the dates shown below, the Internal Revenue Service recorded in the Office of the Clerk of Superior Court in Mecklenburg County, Charlotte, North Carolina, notices of federal tax liens against David Newman and Penny Newman for the tax periods listed below:

| Assessment Type | Tax Period Ending | Date Lien Recorded |
|---|---|---|
| Income Tax (Form 1040) | 12/31/2011 | 05/11/2015 |
| Income Tax (Form 1040) | 12/31/2012 | 05/11/2015 |

46. The United States of America, by virtue of the tax liens that encumber the Real Property, is entitled to have the federal tax liens foreclosed, the Real Property sold, and the proceeds from the sale applied to the unpaid tax assessments described in Paragraph 34, above.

## Count IV: Fraudulent Transfer in Violation of the North Carolina Uniform Fraudulent Transfer Act (N.C. Gen. Stat. § 39-23.1, *et seq.*)

47. David Newman transferred his interest in the Real Property to Penny Newman after David Newman and Penny Newman incurred joint federal income tax liability for tax years 2011 and 2012, and before David Newman incurred individual federal income tax liability for tax years 2013, 2014, 2015, and 2016.

48. David Newman did not receive a reasonably equivalent value in exchange for his transfer of his interest in the Real Property to Penny Newman.

49. At the time of the transfer of his interest in the Real Property, David Newman had reason to believe he would incur additional debts beyond his ability to pay as they became due.

8

Case 3:20-cv-00148-RJC    Document 1    Filed 03/06/20    Page 8 of 13

50. The transfer of his interest in the Real Property was to an insider, namely, David Newman's spouse.

51. A close relationship exists between David Newman and Penny Newman.

52. David Newman enjoys the benefits ownership of the Real Property at issue in this suit, as David Newman continues to live in the property, pay the mortgage, and pay the utilities, thereby maintaining possession or control of the property.

53. David Newman has complete control and domination over the Real Property.

54. The transfer of David Newman's interest in the Real Property was made after the Internal Revenue Service began seeking payment for the outstanding federal income tax liabilities and immediately after the Internal Revenue Service withdrew notices of federal tax lien for the 2011 and 2012 tax years.

55. The transfer of David Newman's interest in the Real Property to Penny Newman was made with the intent to hinder, delay, or defraud the United States, as described in N.C. Gen. Stat. § 39-23.4(a)(1).

56. Pursuant to N.C. Gen. Stat. § 39-23.4, David Newman fraudulent transferred his interest in the Real Property to Penny Newman.

57. Because David Newman fraudulently transferred his interest in the Real Property to Penny Newman, Penny Newman holds an interest in the Real Property as nominee of David Newman.

58. The United States is entitled to have the fraudulent transfer set aside and to foreclose its tax liens against David Newman's interest in the Real Property.

## Count V: Foreclosure of Federal Tax Liens against David Newman

59. Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose in favor of the United States on the dates of the assessments described in Paragraph 39, above, and attached to all property and rights to property belonging to David Newman, including his interest in the Real Property that was titled in the name of his nominee, Penny Newman.

60. On the dates shown below, the Internal Revenue Service recorded in the Office of the Clerk of Superior Court in Mecklenburg County, Charlotte, North Carolina, notices of federal tax liens against Defendant David Newman for the tax periods listed below:

| Assessment Type | Tax Period Ending | Date Lien Recorded |
|---|---|---|
| Income Tax (Form 1040) | 12/31/2013 | 05/26/2015 |
| Income Tax (Form 1040) | 12/31/2014 | 02/09/2016 |
| Income Tax (Form 1040) | 12/31/2015 | 12/28/2016 |
| Income Tax (Form 1040) | 12/31/2016 | 01/19/2018 |

61. Through his nominee, Penny Newman, David Newman has held and continues to hold an interest in the Real Property, and when federal tax liens arose in favor of the United States on the dates of the assessments described in Paragraph 39, above, and attached to all property and rights to property belonging to David Newman, those liens also attached to David Newman's interest in the Real Property held by Penny Newman as a nominee of David Newman.

62. David Newman has held and continues to hold an interest in the Real Property, and when federal tax liens arose in favor of the United States on the dates of the assessments described above, and attached to all property and rights to property belonging to David Newman, those liens also attached to the Real Property fraudulently transferred to Penny Newman.

63. On the dates shown below, the Internal Revenue Service recorded in the Office of the Clerk of Superior Court in Mecklenburg County, Charlotte, North Carolina, notices of federal tax liens against Defendant Penny Newman as Nominee of David Newman for the tax periods listed below:

| Assessment Type | Tax Period Ending | Date Lien Recorded |
|---|---|---|
| Income Tax (Form 1040) | 12/31/2013 | 09/07/2017 |
| Income Tax (Form 1040) | 12/31/2014 | 09/07/2017 |
| Income Tax (Form 1040) | 12/31/2015 | 09/07/2017 |
| Income Tax (Form 1040) | 12/31/2016 | 12/06/2018 |

64. The United States of America, by virtue of the tax liens that encumber David Newman's interest in the Real Property is entitled to have the federal tax liens foreclosed, the Real Property sold, and the proceeds from the sale applied to the unpaid tax assessments described in Paragraph 39, above.

65. The United States is entitled to foreclose its tax liens against David Newman's interest in the Real Property.

## **Prayer for Relief**

WHEREFORE, the United States respectfully prays that this Court:

A. Enter judgment in favor of the United States and against Defendants David B. Newman and Penny P. Newman, with respect to the income tax assessments for tax years 2011 and 2012, described in Paragraph 34, above, in the amount of $147,684.77 as of March 1, 2020, plus statutory interest and other additions to tax accruing thereafter according to law until paid in full;

11

Case 3:20-cv-00148-RJC   Document 1   Filed 03/06/20   Page 11 of 13

B. Determine, adjudge, and decree that the United States holds valid and subsisting tax liens by virtue of the assessments for tax years 2011 and 2012, described in Paragraph 34, above, on all property owned on or acquired after the date of the assessments described in Paragraph 34 by David Newman and Penny Newman, including the Real Property;

C. Enter judgment in favor of the United States and against David B. Newman, with respect to the income tax assessments for tax years 2013, 2014, 2015, and 2016, described in Paragraph 39, above, in the amount of $404,420.83 as of March 1, 2020, plus statutory interest and other additions to tax accruing thereafter according to law until paid in full;

D. Determine, adjudge, and decree that David Newman fraudulently transferred his interest in the subject Real Property to Penny Newman as his nominee under the Federal Debt Collection Procedures Act and/or the North Carolina Uniform Fraudulent Transfer Act, and set aside this fraudulent transfer;

E. Determine, adjudge, and decree that the United States holds valid and subsisting tax liens by virtue of the assessments for tax years 2013, 2014, 2015, and 2016, described in Paragraph 39, above, on David Newman's interest in the Real Property;

F. Order that the tax liens of the United States with respect to the assessments for tax years 2011 and 2012, described in Paragraphs 44 and 45, above, be foreclosed against the interests of David Newman and Penny Newman, in the Real Property, that the Real Property be sold, and that the proceeds from the sale be distributed to the United States and to the other lienholders and property owners according to the respective priorities of their liens and interests in the subject Real Property;

G. Order that the tax liens of the United States with respect to the assessments for tax years 2013, 2014, 2015, and 2016, described in Paragraphs 59–64, above, be foreclosed against

the interest of David Newman in the Real Property, that the Real Property be sold, and that the proceeds from the sale be distributed to the United States and to the other lienholders and property owners according to the respective priorities of their liens and interests in the subject Real Property;

      H.      Award the United States its costs and attorney's fees incurred in prosecuting this action; and

      I.      Such other and further relief as the Court deems just and proper.


Dated: March 6, 2020

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Emily K. Miller*
KYLE L. BISHOP, DC Bar #999007
EMILY K. MILLER, KY Bar #97725
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-616-1878 (v)
202-514-6866 (f)
Kyle.L.Bishop@usdoj.gov
Emily.K.Miller@usdoj.gov