IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00148-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **Order** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DAVID B. NEWMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**CONSENT ORDER OF INJUNCTION**

Upon the consent and agreement of the parties, the Court makes the following findings of fact and conclusions of law, and enters this permanent injunction, pursuant to Federal Rules of Civil Procedure 52 and 65, and 26 U.S.C. § 7402(a).

**Findings of Fact & Conclusions of Law**

1. The Court has jurisdiction over the subject matter of this action and over Defendant David Newman pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b).

3. Under 26 U.S.C. § 7402(a), this Court may issue any injunction necessary or appropriate for enforcement of the internal revenue laws. *See Abdo v. Internal Revenue Serv.*, 234 F. Supp. 2d 553, 565 (M.D.N.C. 2002) (affirmed 63 F. App'x 163 (4th Cir. 2003)) (citing *United States v. Kaun*, 827 F.2d 1144, 1149 (7th Cir. 1987)).

4. David Newman is required to timely file his income tax returns and to timely pay his income tax liabilities.

1

5. David Newman is substantially interfering with the enforcement of the internal revenue laws because he has failed to make his estimated federal income tax payments and timely file his income tax returns.

6. David Newman's failures have caused and continue to cause the United States irreparable harm for which there is no adequate remedy.

7. The Internal Revenue Service has expended significant resources attempting to bring David Newman into compliance with the internal revenue laws including making assessments for the unpaid federal employment and unemployment taxes, filing lien notices with respect to those tax assessments, sending notices of the taxes to David Newman, and informing him that the government could bring this action for an injunction.

8. Absent an injunction, David Newman's non-compliance with his payment obligations will almost assuredly continue, resulting in irreparable harm to the United States.

9. These violations jeopardize the effective enforcement of the internal revenue laws.

10. David Newman's blatant disregard for the tax laws of the United States could have a negative compliance impact on others by encouraging noncompliance with those laws.

11. The Court finds that David Newman has engaged and is engaging in conduct interfering with the enforcement of the internal revenue laws, and that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers are appropriate to stop that conduct.

## Permanent Injunction

**IT IS ORDERED** that a permanent injunction is hereby issued against David Newman pursuant to 26 U.S.C. § 7402(a) and Federal Rule of Civil Procedure 65, and in favor of the United States of America, to prevent Defendant David Newman from accruing unpaid federal income tax liabilities.

**IT IS ORDERED, ADJUDGED,** and **DECREED** as follows:

1. The entry of the permanent injunction described herein is necessary and appropriate for the enforcement of the internal revenue laws;

2. David Newman has engaged, and is engaging in conduct that interferes with the enforcement of the internal revenue laws, and injunctive relief under 26 U.S.C. § 7402(a) is appropriate to stop this conduct; a permanent injunction is hereby entered prohibiting David Newman, from failing to pay over to the Internal Revenue Service all federal income taxes and from failing to file all federal income tax returns as required by law;

3. Pursuant to 26 U.S.C. § 7402(a), David Newman is **ENJOINED** from the date of the entry of this Order, such that he shall:

    a. Make all current or future estimated tax payments of his Form 1040 tax liabilities in full and on the schedule prescribed by 26 U.S.C. § 6654;

    b. File all of his current or future federal income tax returns (Forms 1040) on the dates prescribed by 26 U.S.C. § 6072 and 26 C.F.R. § 1.6072-1;

    c. Beginning with the 2021 tax year, pay by August 15 of the year in which the federal income tax return (Form 1040) is filed all balances of tax liabilities, interests, and penalties reported on the returns as filed with the Internal Revenue Service;

d. Make all quarterly estimated income tax payments as required by 26 U.S.C. § 6654, and provide clear documentation to the Internal Revenue Service, quarterly, demonstrating that he has made such estimated income tax payments within thirty days from the date such payments are due; and

   e. Submit an annual certification, under penalty of perjury, and supporting documentation to the Internal Revenue Service showing that he has timely filed his most recent federal income tax return and timely paid the full amount due reported on those returns within thirty days of the due date of the return; and

4. This Court shall retain jurisdiction over this case to enforce the terms of this injunction and to ensure David Newman's compliance with the internal revenue laws;

5. Notice of the entry of this order of injunction entered by the Court pursuant to Rule 65 to David Newman may be satisfied by sending a true and accurate copy of the final judgment and order of injunction via email to counsel for David Newman;

6. The United States is authorized to monitor David Newman's compliance with this injunction and to engage in post-judgment discovery in accordance with the Federal Rules of Civil Procedure; and

7. If David Newman violates any term of this injunction, then counsel for the United States shall send David Newman written notice of the violation, and he shall have thirty days after notification is sent to cure the violation. A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the counsel for the United States.

**IT IS SO ORDERED.**

Signed: October 12, 2021

Robert J. Conrad, Jr.
United States District Judge